In the Matter of SLAUGHTER W. HUFF et al., as Receivers of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Appellants.

TRANSIT COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

(Argued June 4, 1930; decided July 8, 1930.)

*Alfred T. Davison* and *Addison B. Scoville* for appellants. The Transit Commission had no right to reject the tariffs filed by the receivers. (*Matter of Evens* v. *Public*

*Service Comm.*, 246 N. Y. 224; *People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356; *Town of North Hempstead* v. *Public Service Corp.*, 231 N. Y. 447.)

*George H. Stover* and *Edward M. Deegan* for Transit Commission, respondent. The tariff schedules were properly rejected as unlawful, since they contained a rate higher than that fixed by the franchise, which had not been altered by order of the Commission and could not be altered by the carrier itself. (*Gilchrist* v. *Interborough Rapid Transit Co.*, 279 U. S. 159; *Okla. Gas Co.* v. *Russell*, 261 U. S. 290; *Pac. Tel. Co.* v. *Kuykendall*, 265 U. S. 196; *St. Paul Gas Light Co.* v. *St. Paul*, 181 U. S. 142; *South Covington Ry. Co.* v. *Newport*, 259 U. S. 97; *Willcox* v. *Richmond Lt. & R. R. Co.*, 142 App. Div. 44; 202 N. Y. 515; *Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548; *San Bernardino Board of Trade* v. *Atchison, Topeka & Santa Fe R. Co.*, 3 I. C. C. Rep. 138; *Matter of Brooklyn R. R. Companies*, 12 P. S. C. Rep. 12; *Matter of Garrison*, 12 P. S. C. Rep. 20; *People ex rel. U. & D. R. R. Co.* v. *Pub. Serv. Comm.*, 171 App. Div. 607; 218 N. Y. 643; *People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356; *Matter of Quinby* v. *Pub. Serv. Comm.*, 223 N. Y. 244; *People ex rel. Vil. of S. Glens Falls* v. *Pub. Serv. Comm.*, 225 N. Y. 216; *Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43; *Matter of Livingston*, 121 N. Y. 94; *Riggs* v. *Palmer*, 115 N. Y. 506; *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210; *Munn* v. *Illinois*, 94 U. S. 113; *People* v. *Budd*, 117 N. Y. 1.)

*Arthur J. W. Hilly*, Corporation Counsel (*Edgar J. Kohler* of counsel), for City of New York, respondent. Portions of the street railroad operated by appellants are subject to five-cent fare conditions imposed by local authorities as a condition of their constitutional consent, and consequently are immune from the legislative scheme of rate regulation and increase embodied in the Public Service Commission Law. (*People ex rel. Quinby* v. *Public Service Comm.*, 223 N. Y. 244; *Matter of Village*

of *Mamaroneck* v. *Public Service Comm.*, 208 App. Div. 330; 238 N. Y. 558; *People* v. *O'Brien*, 111 N. Y. 1; *Minor.* v. *Erie R. R. Co.*, 171 N. Y. 566; *Coosaw Mining Co.* v. *South Carolina*, 144 U. S. 550; *People ex rel. Garrison* v. *Nixon*, 229 N. Y. 645; *Guaranty Trust Co.* v. *N. Y. & Queens County Ry. Co.*, 253 N. Y. 190; *Matter of McCabe* v. *Voorhis*, 243 N. Y. 401.) Section 29 of the Public Service Commission Law was not intended to empower a street railroad corporation by the mere filing of amended tariff schedules and without the permission of the Commission obtained as provided in section 49, to initiate and effect an increase over the rate allowed or prescribed as the maximum in the constitutional consents of local authorities by virtue of which the corporation acquired its franchises. (New York Const. art. 3, § 18; *Willcox* v. *Richmond L. & R. Co.*, 142 App. Div. 44; 202 N. Y. 515; *Public Service Comm.* v. *Westchester St. R. Co.*, 206 N. Y. 209; *People ex rel. Brooklyn City R. R. Co.* v. *Nixon*, 193 App. Div. 746; 230 N. Y. 614.) Appellants are estopped by the franchise contracts from increasing the stipulated fare upon their own initiative, under section 29. (*Fletcher* v. *Peck*, 10 Cranch, 87; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Buffalo* v. *Frontier Tel. Co.*, 203 N. Y. 589; *Interstate Commerce Comm.* v. *Cincinnati, N. O. & T. P. Ry. Co.*, 167 U. S. 479; *Skinner & Edy Corp.* v. *United States*, 249 U. S. 557; *Vil. of Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123; *People ex rel. Ulster & Delaware Ry. Co.* v. *Public Service Comm.*, 171 App. Div. 607; 218 N. Y. 643; *Detroit* v. *Detroit Citizen Street Ry. Co.*, 184 U. S. 368; *People ex rel. Bridge Operating Co.* v. *Public Service Comm.*, 153 App. Div. 129; *People ex rel. N. Y., W. & B. Ry. Co.* v. *Public Service Comm.*, 193 App. Div. 445; 230 N. Y. 604; *Attleboro Steam Co.* v. *Narrangansett Light Co.*, 295 Fed. Rep. 895.)

*Per Curiam.* The original franchises covering some of the lines operated by the appellants, as receivers, were

granted by the Legislature prior to 1875. They fix the maximum fares which might be charged for the carriage of passengers. As new lines were built thereafter, additional franchises were granted by the municipal authorities. We do not analyse or construe the clauses, contained in such franchises, which purport to limit or regulate rates of fare. Regulation of rates by the Legislature cannot be superseded or modified by any agreement or franchise contract between a municipality and a carrier. Such cases as *Matter of Evens* v. *Public Service Comm.* (246 N. Y. 224) have no application to such a situation. Schedules showing increase of fares on the lines for which the Legislature granted franchises beyond the maximum fares fixed by the Legislature are unlawful regardless of the language or intent of later contract franchises. (*Matter of Dry Dock, E. B. & B. R. R. Co.*, 254 N. Y., 305.) We pass on no other question.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.